IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SeaCube Containers LLC, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.: 23-cv-786-UNA |
| vs. | § § | IN ADMIRALTY, Rule 9(h) |
| PT Samudera Indonesia Tbk, | § § | |
| Defendant, | § § § | |
| and | § § | |
| Agility Logistics Corp. | § | |
| Agility Logistics Solutions, Inc. | § | |
| Agility Logistics Group, LLC | § | |
| BDP International LLC | § | |
| BDP International, L.P. | § | |
| DHL Global Customer Solutions (USA), INC. | § | |
| DSV Air & Sea Inc. | § | |
| Expeditors International Ocean, Inc. | § | |
| Hellmann Worldwide Logistics, Inc. | § | |
| Schenker Americas, Inc. | § | |
| Schenker International, Inc. | § § | |
| Garnishees. | § | |

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF
PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

SeaCube Containers LLC ("SeaCube") brings this action against PT Samudera Indonesia

Tbk ("Samudera") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and

Maritime Claims, requesting the issue of writs of maritime attachment and garnishment

including against Garnishees and states as follows:

**Jurisdiction and Venue**

1.      This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. §

1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

30592554.1

2.      Venue is proper in this District because the Garnishee is within the meaning of Supplemental Rule B located, can be found, and/or can be served with process in this District.

3.      Venue is also proper in this District because Samudera's property is or soon will be in this District, because Garnishees are located or are found in this District.

4.      Samudera cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

5.      SeaCube is a New York corporation registered under the name Container Leasing International, LLC which leases containers for the ocean transport of commodities, including tank containers for the transport of liquid cargo (herein, the "Containers").

6.      Samudera is an Indonesian business entity which operates ocean vessel and related services to and from ports in Indonesia and throughout Southeast Asia, including, providing for the carriage of containerized ocean cargo. As part of its business, Samudera also operates or controls depots or terminals where it receives and holds ocean containers.

7.      Garnishees each are entities with offices or agents located in this District which, on information and belief as detailed below, SeaCube reasonably believes hold accounts which are the property of and/or owing to Samudera.

## Facts

8.      SeaCube leased Containers to a Dubai-based logistics operator called Ace Global Lines. Ace Global Lines then contracted with Samudera and other associated ocean carriers, to transport the SeaCube Containers by ocean carriage, throughout Southeast Asia.   Samudera took possession of the SeaCube Containers provided to it by Ace Global, and when not aboard

2

30592554.1

Samudera vessels or related vessels, Samudera would hold the Containers at terminals which it owned or controlled.

9.      In 2021, Ace Global ceased operations.   SeaCube terminated the lease for the Containers, and demanded return of the Containers.   SeaCube learned that Samudera held at least 28 of the Containers at terminals or yards which Samudera owned or controlled, notified Samudera that SeaCube had terminated the Ace Global lease, and demanded that Samudera return the Containers.

10.     The Containers are valued as follows:

| Equipment Type | Number Unreturned | Average RV | Total |
|---|---|---|---|
| 40'D HC | 6 | $7,397.65 | $44,385.90 |
| 20' Tank | 2 | $28,163.06 | $56,326.12 |
| 40' Reefer | 20 | $21,500.00 | $430,000.00 |
| | | | **$530,712.02** |

Samudera initially refused to return the Containers. After a series of communications between SeaCube and Samudera, however, Samudera insisted that it would only return the Containers if SeaCube paid it what amounted to a ransom for the Containers, including claimed storage and handling charges.   After repeated demand, Samudera continues to refuse to release the Containers to SeaCube.

11.     Samudera not only has deprived SeaCube of access to and control of SeaCube's Containers, but it also has deprived SeaCube of revenue from the re-lease of the Containers. Samudera consequently owes SeaCube damages for failure to return the Containers to SeaCube.

30592554.1

## Count I – Maritime Trespass

12.     SeaCube repeats the foregoing paragraphs.

13.     Samudera intentionally has interfered with SeaCube's property rights to the Containers and continues to interfere with those rights, refusing to surrender and return SeaCube's Containers as demanded.   The Containers are maritime property. Samudera has caused SeaCube damages, as demanded below.

## Count II – Maritime Attachment and Garnishment (Rule B)

14.     SeaCube incorporates the above paragraphs as if fully set forth herein.

15.     SeaCube seeks issue of process of maritime attachment so that it may obtain security for claims against Samudera, and compel Samudera to answer this Complaint.

16.     No security for SeaCube's claims has been posted by Samudera or anyone acting on its behalf.

17.     Samudera cannot be found within this district within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction, namely, accounts owed Samudera by garnishees.

## Prayer for Relief

WHEREFORE, SeaCube prays:

A.     That in response to Count I, process of maritime attachment be issued to garnish and attach property of Samudera, including but not limited to, accounts payable owed or to be owed from garnishees to Samudera in the amount of at least $531,614.02 ($530,712.02 for the Containers, plus $902.00 for filing fee and service costs) until the Containers are redelivered to or otherwise recovered by SeaCube;

30592554.1

B.      That in response to Count II since Samudera cannot be found within this District

pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process

of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Samudera's

tangible or intangible property or any other funds held by any garnishee, up to the amount of at

least the amount demanded herein to secure SeaCube's claims, and that all persons claiming any

interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters

alleged in the Verified Complaint;

C.      That as provided in Supplemental Rule B, that such person over 18 years of age

be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to

serve process of Maritime Attachment and Garnishment in this action;

D.      That this Court award SeaCube such other and further relief that this Court deems

just and proper.

                                                    YOUNG CONAWAY STARGATT
                                                    & TAYLOR LLP

OF COUNSEL:

                                                    */s/ Timothy Jay Houseal*
J. Stephen Simms                                    Timothy Jay Houseal (Del. Bar ID No. 2880)
Simms Showers LLP                                   Rodney Square
201 International Circle, Ste. 230                  1000 North King Street
Baltimore, MD 21030                                 Wilmington, DE 19801
Telephone:   (410) 783-5795                         (302) 571-6682
Facsimile:   (410) 510-1789                         thouseal@ycst.com
jssimms@simmsshowers.com

                                                    *Attorneys for SeaCube Container LLC*
                                                                                            .

Dated:   July 20, 2023

## VERIFICATION

I am a Principal of the law firm Simms Showers LLP, of counsel to SeaCube.

The facts alleged in the foregoing complaint are true and correct to the best of my

knowledge and information based upon the records of SeaCube made available to me by

SeaCube.   SeaCube's authorized officers are not readily available in this District to make

verifications on SeaCube's behalf.   I am authorized to make this verification on SeaCube's

behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of

electronic records and Directory Assistance for addresses and telephone numbers in this District.

There is no record of any general or resident agent authorized to accept service of process for

defendant Samudera in this District.

> Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

> Executed on July 20, 2023.

> /s/ J. Stephen Simms
> J. Stephen Simms
> Simms Showers LLP
> 201 International Circle, Suite 230
> Baltimore, Maryland 21030
> Tel:   410-783-5795
> Email: jssimms@simmsshowers.com

30592554.1